UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DELLA M. LETNER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:04-CV-127 |
| ) | |
| JO ANNE B. BARNHART, ) | Judge Curtis L. Collier |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M**

Plaintiff Della M. Letner ("Plaintiff") initially brought this action on May 4, 2004 seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant" or "Commissioner") finding Plaintiff was not entitled to disability insurance benefits and supplemental security income benefits under Title II and Title XVI of the Social Security Act. The Court referred the matter to United States Magistrate Judge Susan K. Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R"). Subsequently, Plaintiff filed a motion for judgment on the pleadings (Court File No. 10) and Defendant filed a motion for summary judgment (Court File No. 16). The magistrate judge filed a R&R (Court File No. 21) recommending the decision of the Commissioner be affirmed, Defendant's motion for summary judgment be granted, Plaintiff's motion for judgment on the pleadings be denied, and the case be dismissed. For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's findings of fact, conclusions of law, and recommendations.

**I.     STANDARD OF REVIEW**

Plaintiff filed timely objections to the R&R (Court File No. 22).  This Court must conduct a *de novo* review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1).

**II.     DISCUSSION**

Plaintiff makes two principal objections to the R&R which can generally be stated as follows: (1) the magistrate's decision not to recommend that the case be remanded for the ALJ to specifically address Listing 1.03 was legal error (Court File No. 22, p. 2-4), and (2) more weight should have been given to Plaintiff's treating physician under the treating physician rule.  The Court will address each objection in turn.

**A.     Listing 1.03 Objection**

Plaintiff alleges she is disabled due to back, knee, and neck problems including a degenerative disc disease of the lumbar spine and degenerative joint disease of the right knee.  Plaintiff argues her impairments meet the requirements of listing 1.03 and therefore the Plaintiff is disabled per se.  Lisiting 1.03 provides:

> 1.03  Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset.

20 C.F.R. Pt. 404 Subt. P, App. 1, Listing 1.03.  The required level of severity, which is discussed as the inability to ambulate effectively, is defined in the regulations at § 1.00B2b:

> (1) Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)
>
> (2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. Pt. 404 Subpt. P, App. 1, § 1.00B2b. At step three of the five step disability sequential analysis, the ALJ concluded the Plaintiff did not have any impairment, singly or in combination, that met or equaled the severity of the criteria of any impairment in the Listing Impairments (Court File No. 14, p. 16). However, the ALJ did not discuss listing 1.03 or even specifically reference listing 1.03. Plaintiff contends remand is necessary so the ALJ can provide a decision-making rationale with respect to listing 1.03 (Court File No. 22, p. 2-3). As the magistrate correctly points out "[t]he crux of the issue in this case is whether meaningful judicial review of the Commissioner's decision at step three of the five step sequential analysis can occur" (R&R at 15).

After a thorough review of case law in this area, the Court agrees with the magistrate judge's summary of the law. In short, there is a split of authority on whether remand is automatic when the ALJ does not include specific references to the listing in his or her step three analysis. Some courts remand while others will look at the ALJ's decision as a whole to see if there is substantial evidence

3

to support the step three conclusion. Plaintiff presumably objects to the magistrate's summary of the law when she quotes *Miller v. Comm'r of Soc. Sec.*, 181 F. Supp. 2d 816, 819 (S.D. Ohio 2001), where the court stated "the other circuits which have addressed the issue have uniformly held that an ALJ must explain in detail why a Social Security claimant is, or is not, disabled under the Listings." To the extent this statement could be read to mean that no circuit has held remand is not required when the ALJ fails to mention the listing or give detailed reasons for a step three conclusion, the Court disagrees. *See, e.g.*, *Rice v. Comm'r of Soc. Sec.*, 384 F.3d 363, 369-70 (7th Cir. 2004) (refusing to hold that "the ALJ's failure to explicitly refer to the relevant listing alone necessitates reversal and remand"); *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999) (explaining that the 8th Circuit does not necessarily remand, unlike the 10th Circuit, when an ALJ makes a summary conclusion).

To this date, about half of the circuits have addressed this issue, but the United State Court of Appeals for the Sixth Circuit is not one of those that has. Therefore, this Court must determine which line of precedent to follow. The purpose of having the ALJ provide an explanation of how a step three conclusion was made is to ensure a thorough and fair review. *See Morehead Marine Servs., Inc. v. Washnock*, 135 F.3d 366, 375 (6th Cir. 1998) (explaining that courts respect the requirement that an ALJ must include reasoning for conclusions to "accomodate a thorough review.") (citations omitted); *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (stating that without ALJ findings supported by specific weighing of the evidence, the court cannot "assess whether relevant evidence adequately supports the ALJ's conclusion that [claimant's] impairments did not meet or equal any Listed Impairment . . . ."). Thus, this Court finds it logical that even when an ALJ has not referred specifically to the listing or an ALJ has made a conclusory step three

4

decision, if a thorough and fair review is still possible, then remand is not necessary. Whether a thorough and fair review is possible in an individual case will depend on a reading of the record as a whole. *See Heston v. Comm'r of Soc. Sec.* 245 F.3d 528, 535 (6th Cir. 2001) (stating judicial review of an administrative finding must be based on the record as a whole). Thus, if other portions of the ALJ's decision do not present clear evidence to support the superficial step three explanation, remand will be necessary.

In the current case, the magistrate judge considered the record as a whole and determined there was substantial evidence supporting the ALJ's determination Plaintiff did not meet any listing criteria, including listing 1.03 (R&R at 19-20). The Court agrees.[1] The ALJ agreed Plaintiff had severe impairments, including degenerative disc disease of the lumbar spine and degenerative joint disease of the right knee but he concluded that "the claimant has no impairments, singly or in combination, that meet or equal in severity the criteria of any listing . . ." (Court File No. 14, p. 16). There is substantial evidence to support this conclusion. Plaintiff was not using any assistive devices during the relevant time period (*id.* at 378), and she was able to shop, prepare meals, do some indoor household chores, take care of financial needs, and drive about once a week to visit friends (*id.* at 16-19, 97, 103, 105, 108, 380). Her knees had a full range of motion (with some crepitus), medication significantly eased her pain, she participated in some activities of daily living, and she was never prescribed any assistive devices for walking (*id.* at 16-19, 123-24, 132, 292-93, 297). In June 2002, Dr. Jeffrey Summers concluded her knee pain would only limit her ability to "stand and walk for greater than 6 hours in a total single workday . . ." (*id.* at 124). In July 2002,

---

[1] The Plaintiff objects first to the magistrate's legal conclusion that remand is not automatic when a specific reference has not been made to the listing. The Plaintiff also seems to object to the magistrate's review of the record on whether the listing 1.03 criteria was satisfied (Court File No. 22, p. 4). Thus, the Court will review *de novo* the magistrate's findings and conclusions with respect to whether the listing 1.03 criteria was satisfied.

5

Dr. Robert Burr similarly concluded Plaintiff could stand and/or walk about six hours in an eight hour workday (*id*. at 142).  Thus, there is substantial evidence supporting the ALJ's determination Plaintiff did not meet any listing criteria.  Specifically, there is substantial evidence Plaintiff did not have an inability to ambulate effectively, as defined in listing 1.00B2b, and that return to effective ambulation did occur within the required duration.

    **B.**  **Treating Physician Rule Objection**

Plaintiff's treating physician, Dr. Walter King, unlike Drs. Summers and Burr, opined that Plaintiff is limited so she can only sit two hours out of an eight hour day for only thirty minutes at a time and stand or walk two hours out of an eight hour day for only fifteen minutes at a time (*id.* at 19; Court File No. 22, p. 5).  The ALJ acknowledged Dr. King's opinion but gave much greater weight to Drs. Summers and Burr.  The ALJ concluded there was substantial evidence in the record to discount Dr. King's opinion (Court File No. 14, p. 19).  Plaintiff objects arguing that Dr. King's opinion is (1) supported by objective evidence, (2) is not contrary to Dr. King's own treatment notes, and (3) is not contradicted by Plaintiff's own daily activities.

Usually, a treating physician's opinion is given "substantial, if not controlling, deference." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).  However, a treating physician's opinion is only entitled to deference when it is based on objective medical findings. *Id*.  Thus, an ALJ can reject a treating physician's opinion but he must have good reasons for doing so. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 2005).  If an ALJ properly discredits a treating physician's opinion, he must also appropriately apply additional factors outlined in *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Plaintiff does point to some objective evidence that does not contradict Dr. King's opinion

6

(Court File No. 22, p. 6), but the evidence put forth by Plaintiff does not lend nearly enough support to Dr. King's opinion to warrant a finding by this Court that the ALJ could not discount Dr. King's opinion. As for the treatment notes, this Court agrees that Dr. King's sitting, standing, and walking limitations were inconsistent with Dr. King's treatment notes. The treatment notes state Plaintiff has a full range of motion (with some crepitus) and pain medication eases Plaintiff's symptoms enough to allow her to participate in her daily activities (Court File No. 14, p. 132, 292-93, 297). Further, Dr. King recommended Plaintiff increase the duration of her daily walking regimen to 30 minutes per day (*id.* at 132, 297). Plaintiff is correct in pointing out the treatment notes were not entirely contradictory but that alone does not explain the other inconsistencies away. With respect to Plaintiff's daily activities, Plaintiff stated she required help with some chores and she frequently needed rest. However, she also stated she went shopping and the record clearly shows with pain medicine she could perform her daily activities. The question for this Court is not whether some evidence can be found that does not contradict Dr. King's opinion; rather, this Court must decide if substantial evidence supports the ALJ's decision with adequate articulation of the good reasons why the ALJ discounted the treating physician's opinion. For the reasons stated above, the Court agrees with the magistrate's report and recommendation and finds the ALJ properly discounted Dr. King's opinion.

### III. CONCLUSION

For the reasons stated above, the Court will **ACCEPT** and **ADOPT** the magistrate judge's findings of fact, conclusions of law, and recommendations (Court File No. 21) pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) and accordingly will **DENY** Plaintiff's motion for judgment on the

7

Case 1:04-cv-00127   Document 23   Filed 09/30/05   Page 7 of 8   PageID #: 72

pleadings (Court File No. 10), **GRANT** Defendants motion for summary judgment (Court File No. 16), and **AFFIRM** the Commissioner's decision denying benefits to Plaintiff.

An order shall enter.

                                                 **/s/**
                      **CURTIS L. COLLIER**
            **UNITED STATES DISTRICT JUDGE**